IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAULA H. FARRELL, | Case No. 1:23-CV-01559-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| LABORERS' INTERNATIONAL UNION-LOCAL 860, | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

This case is before the Court on Defendant Laborers' International Union-Local 860's ("Defendant") Motion to Dismiss Complaint or, in the Alternative for More Definite Statement filed on August 31, 2023 ("Defendant's Motion"). (Doc. No. 8.) On September 5, 2023, *pro se* Plaintiff Paula H. Farrell ("Plaintiff") filed a Memorandum in Opposition to Defendant's Motion ("Plaintiff's Opposition"). (Doc. No. 9.) On September 19, 2023, Defendant filed a Reply in support of Defendant's Motion. (Doc. No. 10.) Also on September 19, 2023, Defendant filed a Motion to Strike, to which Plaintiff did not respond. (Doc. No. 11.) Defendant's Motion and Motion to Strike are ripe for a decision.

For the following reasons, the Court **DENIES** as moot Defendant's Motion and **GRANTS** Defendant's Motion to Strike. (Doc. Nos. 8, 11.)

I.      Background

Plaintiff's Complaint sets forth the following allegations. Plaintiff has been an employee of Cuyahoga County Health and Human Services Division ("CCHHS") since April 26, 1993, and as a Senior Training Officer for CCHHS, is a dues-paying member of Defendant. (Doc. No. 1 at ¶¶ 5–6.) Plaintiff is covered under a Collective Bargaining Agreement or current contract effective January 1,

2021, through December 31, 2023, between CCHHS, Division of Children & Family Services (DCFS), Division of Jobs and Family Services ("DJFS"), Office of Child Support Services ("OCSS"), and Department of Information Technology ("HHS), and Defendant. (*Id.* at ¶ 7.) Defendant is required to provide a fair duty of representation to all its members and Defendant has failed to provide fair representation and has discriminated against her concerning her employment matters under 42 U.S.C. § 1983 -- Civil Rights; 42 U.S.C. § 2000e – Title VII – Discrimination. (*Id.* at ¶¶ 8–9.) The discrimination has caused her to suffer harm and she continues to face imminent harm. (*Id.* at ¶ 10.)

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and received the Determination and Notice of Rights letter, dated June 23, 2023.[1] (*Id.* at ¶ 11.) Defendant's representative, Joseph Guarino, III, did not contact Plaintiff after the issuance of the Determination and Notice of Rights letter, and continues to discriminate against her under 42 U.S.C. § 1983 – Civil Rights; 42 U.S.C. § 2000e – Title VII -- Discrimination. (*Id.* at ¶ 12.) On August 8, 2023, in a call with Defendant's representative, William Consolo, Mr. Consolo expressed no concern or urgency with Plaintiff's employment matters and told her to "Let it ride and we will deal with it when the time comes." (*Id.* at ¶ 13.)

## II. Procedural History

On August 10, 2023, Plaintiff filed her Complaint, and on August 31, 2023, Defendant filed Defendant's Motion. (Doc. Nos. 1, 8.) On September 5, 2023, Plaintiff's Opposition was filed, wherein Plaintiff asked this Court to deny Defendant's Motion, and grant her "the opportunity to file and serve a More Definite Statement or Amended Complaint." (Doc. No. 9 at p. 2.) Therein, Plaintiff

---

[1] Attached as Exhibit A to Plaintiff's Complaint is the Determination and Notice of Rights letter. (Doc. No. 1-2.)

requested that "the claim be brought under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e *et.. seq.*" (*Id.*) Plaintiff also set forth additional allegations, to include that: Defendant intentionally discriminated against her because she is Caucasian and that Defendant's representation of Plaintiff was different than non-Caucasian members; the disparate treatment caused Plaintiff to suffer adverse actions; and very generally, that she had received a written reprimand, what occurred at a May 5, 2023 meeting associated therewith, and Defendant's failure to take any action on her behalf during and after the meeting. (*Id.* at pp. 5–8.) On September 19, 2023, Defendant filed a Reply in support of Defendant's Motion. (Doc. No. 10.) Also on September 19, 2023, Defendant filed a Motion to Strike, to which Plaintiff did not respond. (Doc. No. 11.) Defendant's Motion and Motion to Strike are ripe for a decision.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court accepts Plaintiff's factual allegations as true and construes the Complaint in the light most favorable to Plaintiff. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555–56). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Gunasekera*, 551 F.3d at 466 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted). Nonetheless, while "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### III.    Analysis

It is pursuant to Rule 12(b)(6) that Defendant moves to dismiss Plaintiff's claims under 42 U.S.C. § 1983, and 42 U.S.C. § 2000e *et seq.* ("Title VII").

#### A.    Section 1983 Claim

Defendant argues that Plaintiff's Section 1983 claim fails because Plaintiff has not alleged a violation of a Constitutional right or alleged that Defendant acted under color of state law. (Doc. No. 8 at p. 8.)

To state a cognizable Section 1983 claim, a plaintiff must allege two elements: "(1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of

rights secured under federal law." *Chambers v. Sanders*, 63 F.4th 1092, 1096 (6th Cir. 2023) (internal quotation marks omitted) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

Plaintiff's Complaint does not include allegations that Defendant acted under color of state law or that Defendant violated rights secured to her under federal law. (*See* Doc. No. 1.) Indeed, in Plaintiff's Opposition, Plaintiff does not dispute or oppose Defendant's argument that her Complaint fails to allege a Section 1983 claim. Instead, Plaintiff clarifies that her claim is "brought under Title VII." (Doc. No. 9 at pp. 3–4.) The Court concludes that Plaintiff has failed to state a Section 1983 claim under Rule 12(b)(6).

**B.     Title VII Discrimination**

Defendant contends that Plaintiff's Title VII claim fails because Plaintiff does not allege that Defendant's actions were taken with a discriminatory animus, motive, or had a discriminatory effect. (Doc. No. 8 at p. 11.) Defendant argues that Plaintiff fails to allege that she is a member of a protected class or was subjected to an adverse action, disparately treated, or discriminated against. (*Id.* at pp. 10–11.)

Title VII requires a plaintiff to allege that a defendant discriminated against him based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). At the motion to dismiss stage, a plaintiff need only provide an "adequate factual basis" for a discrimination claim. *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015); *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 497–98 (6th Cir. 2016); *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012). This burden can be satisfied where a plaintiff pleads "membership in the protected class, specific adverse

employment actions taken against them, and instances in which they were treated less favorably than identified non-class members." *James*, 592 F. App'x at 461.

In this instance, the Complaint does not mention a basis for any discrimination, whether it be race, color, or otherwise. (*See* Doc. No. 1.) Plaintiff furthermore does not allege any acts of direct discrimination, nor does she allege any facts that would permit an inference of discrimination, such as membership in a protected class, a specific adverse employment action, or less-favorable treatment compared to non-class members. (*See id.*) Therefore, the Court cannot conclude that a reasonable inference of discrimination could be drawn. Accordingly, Plaintiff has failed to state a Title VII claim under Rule 12(b)(6).

### C. Motion to Strike New Factual Allegations

In Plaintiff's Opposition, Plaintiff includes several pages of additional factual allegations that do not appear in the Complaint and attaches a purported copy of her EEOC Charge of Discrimination. (Doc. No. 9 at pp. 5–8; Doc. No. 9-1.) Defendant moves to strike Plaintiff's new allegations as well as the EEOC Charge of Discrimination and requests that the Court refuse to consider them in evaluating Defendant's Motion to Dismiss. (Doc. No. 11.) The Court cannot and does not consider these factual allegations, raised for the first time in Plaintiff's Opposition, in evaluating the sufficiency of Plaintiff's claims under Rule 12(b)(6). *Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 502 F. App'x 523, 541 (6th Cir. 2012) (although plaintiff's response to motion to dismiss "expanded their . . . claims," the court's review was limited to the "facts and legal claims as raised in the pleadings"). Therefore, the Motion to Strike is **GRANTED** to the extent that Plaintiff cannot provide new allegations or exhibits in her Opposition. (Doc. No. 11.)

However, in Plaintiff's Opposition, Plaintiff requests an opportunity to "file and serve" an amended complaint. (Doc. No. 9 at pp. 1, 5–8.) Under Rule 15(a), a party may amend its complaint with the Court's leave, and such leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is "typically permit[ted]" when a complaint is found deficient on review of a motion to dismiss. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004), *abrogated on other grounds in Doshi v. Gen. Cable Corp.*, 823 F.3d 1032 (6th Cir. 2016). As noted above, Plaintiff's Complaint is deficient and lacks sufficient factual allegations to state a claim under Rule 12(b)(6). Defendant does not argue against granting leave to amend. (*See* Doc. Nos. 10, 11.) Therefore, the Court **GRANTS** Plaintiff's request. Plaintiff shall have until **January 2, 2024**, to file an amended complaint. Pursuant to Rule 15(a), Defendant shall have 14 days following Plaintiff's service of an amended complaint to file a responsive pleading. Fed. R. Civ. P. 15(a)(3).

## IV. Conclusion

The Court **GRANTS** Plaintiff's request for leave to file an amended complaint. (Doc. No. 9 at pp. 1, 5–8.) Plaintiff shall have until **January 2, 2024**, to file an amended complaint. Because the Court grants Plaintiff leave to amend her Complaint, Defendant's Motion is **DENIED** as moot. (Doc. No. 8.) Furthermore, Defendant's Motion to Strike is **GRANTED**. (Doc. No. 11.)

**IT IS SO ORDERED.**

Date: December 13, 2023

   s/Pamela A. Barker  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE